IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY LEE VAUGHN,<br><br>            Plaintiff,<br><br>  vs.<br><br>DR. KASAWA,<br><br>            Defendant. | No. C 09-01568 JW (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a prisoner at the Correctional Training Facility in Corcoran, California, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against Salinas Valley State Prison ("SVSP") medical personnel. Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) will be granted in a separate order. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims

or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

   1.   Claims against defendant Dr. Kasawa

Plaintiff claims that on or about June 3, 2007, he suffered a seizure while at SVSP which caused him to fall and become unconscious. (Compl. Ex. A, Inmate/Parolee Appeal, CDC Form 602.) Plaintiff alleges that after he regained consciousness, he had a lot of pain in his left wrist, right elbow and knee, and a knot in the back of his head. (Id.) Plaintiff claims that he did not receive treatment until the following day, June 4, 2007, when he was seen by defendant Dr. Kasawa. (Id. at "additional sheet.") Plaintiff claims that defendant Kasawa did not properly treat him for his injuries, and that when plaintiff expressed dissatisfaction with the treatment, defendant Kasawa immediately ended the appointment. (Id.) Plaintiff alleges that defendant Kasawa's actions amount to cruel and unusual punishment. (Id.) Liberally construed, this claim is cognizable under § 1983 as a violation of the Eighth Amendment due to defendant Kasawa's deliberate indifference to plaintiff's serious medical needs.

Plaintiff's allegation that defendant Kasawa's actions amount to malpractice is not cognizable under § 1983 as a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Accordingly, such claims are DISMISSED.

   2.   Claims against defendants Nurse Jean and Dr. Mack

Plaintiff alleges that defendant Dan Jeans, R.N., who partially granted his grievance in this matter, did so without stating what was granted "as a form of abuse of power and appeals process neglect and manipulation," and that he failed to return plaintiff's prior medication. (Compl. at 3.) Plaintiff alleges that defendant Dr. Mack is aware of his present medical situation, but has failed to monitor his "seizure dilantin level checks" every month, which presents a "serious ongoing medical need." (Id.)

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

Here, it is obvious from the face of the complaint and attachments that plaintiff has not exhausted administrative remedies with respect to his claims against defendants Jean and Mack. As proof of exhaustion, plaintiff has provided copies of inmate appeal log number SVSP 07-02572, and the decisions at each level of review. (Compl. Ex. A.) However, this grievance contains only allegations against defendant Dr. Kasawa for the inadequate medical treatment he provided plaintiff on June 4, 2007. The grievance makes no mention of defendant Nurse Jeans or Dr. Mack. The result is a mixed complaint, *i.e.*, a complaint with both exhausted and unexhausted claims.

The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. Jones v. Bock, 549 U.S. 199, 222-24 (2007) (rejecting "total exhaustion-dismissal" rule); Lira v.

Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). The proper treatment of a mixed complaint will depend on the relatedness of the claims contained within. Lira, 427 F.3d at 1175. Here, the claims are not so intertwined or closely related that they are difficult to untangle so as to require plaintiff to file an amended complaint to allege only fully exhausted claims. Accordingly, the unexhausted claims against defendants Jeans and Mack are DISMISSED without prejudice, to plaintiff filing them as a separate action after exhausting administrative remedies.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The claims against defendants Nurse Jean and Dr. Mack are DISMISSED without prejudice for failure to exhaust administrative remedies. These defendants are DISMISSED from this action.

The clerk shall terminate Salinas Valley State Prison as a defendant from this action as plaintiff states no claim against the institution.

2. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon **defendant Dr. Kasawa** at **Salinas Valley State Prison**.

The clerk shall replace defendant "Dr. Kawaski" on the Docket with "Dr. Kasawa," which is the proper spelling of this defendant's name as used throughout the related inmate appeal documents.

3. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to

Order of Partial Dismissal and Service
P:\PRO-SE\SJ.JW\CR.09\Vaughn01568_svc.wpd     4

1  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.
2  Terhune, 540 U.S. 810 (2003).

         b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

   4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

         a.     In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

   > The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

         b.     In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

   > The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and Service
P:\PRO-SE\SJ.JW\CR.09\Vaughn01568_svc.wpd       5

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     7.     All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or

1  Local Rule 16-1 is required before the parties may conduct discovery.

2  9.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep
3  the court informed of any change of address and must comply with the court's orders in
4  a timely fashion. Failure to do so may result in the dismissal of this action for failure to
5  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6  10.  Extensions of time must be filed no later than the deadline sought to be
7  extended and must be accompanied by a showing of good cause.

9  DATED:  May 10, 2010

JAMES WARE
United States District Judge

Order of Partial Dismissal and Service
P:\PRO-SE\SJ.JW\CR.09\Vaughn01568_svc.wpd          7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAY LEE VAUGHN,

        Plaintiff,

  v.

SALINAS VALLEY STATE PRISON, et al.,

        Defendants.

Case Number: CV09-01568 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   5/13/2010  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ray Lee Vaughn J-64236
CSATF/Corcoran State Prison
P. O. Box 5242
Corcoran, Ca 93212

Dated:   5/13/2010

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk